IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN A. JOHNSON,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-985
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Petitioner's Motion to Proceed *In Forma Pauperis* and his request for the appointment of counsel. (ECF No. 26.)

The United States Supreme Court has held that a prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today."). Habeas proceedings are considered to be civil in nature, and a petitioner has no constitutional right to counsel in habeas corpus proceedings. *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Rather, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2) and § 3006A(a)(2)(B). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir.

1986) (citations omitted). The appointment of counsel is mandatory only where the record indicates that an evidentiary hearing is required to resolve a petitioner's claims. *See* Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. In assessing whether to exercise its discretion in appointing counsel on a petitioner's behalf, the Court should consider "the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors." *Matthews v. Jones*, No. 5:13-cv-1850, 2015 WL 545752, at *3 (N.D. Ohio Jan. 22, 2015) (citations omitted). "Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Poulton v. Warden, Ross Corr. Inst.*, No. 2:15-CV-02352, 2018 WL 527286, at * 6 (S.D. Ohio Jan. 24, 2018) (citations omitted).

Here, it does not now appear that an evidentiary hearing will be required to resolve Petitioner's claims or that this case is so unduly complex that the interests of justice or due process necessitate the appointment of counsel on Petitioner's behalf. Further, the record reflects that Petitioner has capably pursued various state-court actions on his claims, and, to date, has more than adequately presented his arguments on his own behalf in these proceedings. Accordingly, Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

As to Petitioner's request to proceed *in forma pauperis*, the filing fee has already been paid. Therefore, it is **RECOMMENDED** that Petitioner's Motion to Proceed in Forma Pauperis be **DENIED WITHOUT PREJUDICE**. (ECF No. 26.)

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE