IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN A. JOHNSON,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-985
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## ORDER

On June 4, 2018, the Magistrate Judge issued an *Order and Report and Recommendation*, denying Petitioner's request for the appointment of counsel and recommending that Petitioner's *Motion to Proceed in Forma Pauperis* (ECF No. 26) be denied without prejudice to renewal, as the filing fee has already been paid. (ECF No. 28.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 31.) Petitioner now states that he does not seek the appointment of counsel in connection with his *Motion to Proceed in Forma Pauperis*, but apparently requests pauper status so that he may be eligible to obtain documents free of cost under the provisions of 28 U.S.C. § 2250,[1] and 28 U.S.C. § 2254(f).[2]

---

[1] 28 U.S.C. § 2250 provides as follows:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's *Objection* (ECF No. 28) is **OVERRULED**. To the extent that Petitioner has requested the appointment of counsel for assistance in litigating his § 2254 *Petition*, in connection with his currently pending motions for discovery or expansion of the record or otherwise, for the reasons discussed by the Magistrate Judge, that request at this time is **DENIED**.

The Court also has reviewed Petitioner's application for pauper status and upon consideration finds it to be meritorious. The *Motion to Proceed in Forma Pauperis* (ECF No. 26) therefore is **GRANTED**. At this juncture, however, the Court makes no representation or assurances regarding whether Petitioner may be entitled to receive copies of any documents free of cost under the provisions of 28 U.S.C. § 2250 or 28 U.S.C. § 2254(f) at this time.

**IT IS SO ORDERED.**

6-19-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. 2254(f) provides as follows:

> If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.